UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.           )<br>)<br>ALFEU BARBOSA,                )<br>)<br>Defendant.                )   | CRIMINAL NO. 22-10205-NMG |

GOVERNMENT'S SENTENCING
MEMORANDUM

The government respectfully submits this memorandum in support of its recommendation that the Court sentence the defendant to 151 months in prison, three years of supervised release, a $200 special assessment, restitution of $1,100, and forfeiture as alleged in the indictment.

The Guidelines

The defendant stands convicted of two counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951. The evidence at trial showed that the defendant, together with Jonas Nunez and Li Wen Tang, robbed the Balance Reflexology Spa in Brookline (the "Brookline Spa") on the evening of June 12, 2022. Both Mr. Nunez and the defendant were wielding firearms during the robbery. During the robbery the victim was pulled by the hair down the hall and had a gun pointed at her head, among other things. The robbers then used duct tape to restrain the victim. It was apparent from the victim's testimony and demeanor at the trial that she had been severely traumatized by the experience.

The evidence at trial further showed that the defendant and the others were not satisfied with the amount they obtained through robbing the Brookline Spa, so they decided to rob May's Spa in Stoneham (the "Stoneham Spa"). Mr. Tang was familiar with the Stoneham Spa and described it for the others. Mr. Tang also indicated they would need additional help for this robbery. The defendant

1

places a call, and soon thereafter three men appeared in a Jeep. The robbery was then carried out by the defendant, Mr. Nunez, and one of the defendant's associates. The defendant and Mr. Nunez were again wielding guns. Again the robbers restrained the victims with duct tape.

The PSR determined the base offense level for the Brookline robber to be 20, pursuant to USSG § 2B3.1; added 6 levels because a firearm was "otherwise used," USSG § 2B3.1(b)(2)(B); and added 2 more levels because the victim was bound with duct tape, USSG § 2B3.1(b)(4)(B), for an adjusted offense level of 28. PSR ¶¶ 18-24. The PSR determined that the same base offense level and enhancements applied with respect to the Stoneham robbery, except that the firearm enhancement was determined to be 5 levels rather than 6 because a firearm was brandished or possessed rather than "otherwise used," for a total offense level of 27. PRS ¶¶ 25-31. The PSR then calculated the combined offense level by determining that the Brookline robbery was the group with the highest offense level; determined that the group represented by the Stoneham robbery was from 1 to 4 levels less serious than the group represented by the Brookline robbery; assigned one "unit" to each of the robberies; consulted the table at USSG § 3D1.4; and determined the combined offense level to be 30. PSR ¶¶ 32-38.

The PSR then determined the defendant's criminal history category to be III, which, in combination with a combined offense level of 30, results in a guidelines sentencing range of 121 to 151 months. PSR ¶¶ 51-53, 91.

## Recommendation

The government recognizes that in recommending that the Court impose a sentence of 151 months, it is seeking a very substantial term of imprisonment. Because one of the government's primary reasons for doing so is the nature of the criminal conduct set forth at ¶ 50 of the PSR, the

government begins there.

    According to the PSR:

> … According to a Waltham Police Department offense report, officers responded to a report of a group of females claiming they were robbed. Officers arrived on scene and entered the building which was located at the De Onzen Spa in Waltham, MA. The victim of the robbery told officers that she was robbed by a man with a knife [who] left in an unknown direction. A worker at the spa told officers that she received a call from a male party trying to make an appointment and 30 min later, the male came in and was escorted to a private room. The male exited the room, brandished a knife, and demanded money from the spa workers. The workers told the male that they did not have any money, however, he persisted and chased them around the store demanding money. The male punched one of the workers in the head, knocking her to the ground at which time she struck her head. The victim also stated that the male placed his hands around her neck and pushed her, causing her throat to hurt. The victim was able to escape, leave the spa, and call for help. She was eventually brought to the hospital for her injuries.

PSR ¶ 50. Attached as an exhibit is an order of pretrial detention (the "Order") issued by the Middlesex Superior Court in this case. According to the Order, this crime took place on July 25, 2021. Order at 2. When the victim was taken to the hospital, it was determined that she had suffered an orbital fracture. *Id.*

    The defendant was convicted on April 28, 2022, about six weeks before he committed the crimes of which he stands convicted here. PSR ¶ 50. For the counts charging armed robbery, assault and battery with a dangerous weapon, assault and battery (serious bodily injury), assault with a dangerous weapon, and intimidation, the defendant was sentenced to …….. three years of probation. For two counts of assault he was sentenced to …… 2-1/2 years in the House of Correction, suspended, with three years of probation to run concurrently. The defendant obviously could have spent many years in state prison as a result of this conviction. Rather than take advantage of the reprieve he was

given and turn his life around, the defendant instead went right back to precisely the same conduct: attacking and robbing spa workers with deadly weapons. It does not bode well for his conduct on release in this case.

With that said, the government will discuss the sentencing factors set forth at 18 U.S.C. § 3553(a) that are relevant to this case.

**The need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense – 18 U.S.C. § 3553(a)(2)(A)**

The defendant participated in violently assaulting with a firearm the victims that he and his confederates robbed and restrained with duct tape. The conduct toward the victim of the Brookline robbery was particularly brutal: she had a cell phone slapped out of her hand, was hit in the face or mouth, had a gun put to her head, and was dragged by the hair before being bound and gagged with tape. A significant sentence is necessary to reflect the seriousness of this conduct, to promote respect for the law, and to provide an appropriate sanction for the offenses.

**The need for the sentence to afford adequate deterrence to criminal conduct – 18 U.S.C. § 3553(a)(2)(B)**

The defendant's conduct in this case almost eerily reprises his conduct in the Waltham case. Moreover, these new crimes were committed not only while the defendant was on probation in the Waltham but also was wearing a GPS ankle bracelet. Given the rapidity with which he returned to such serious, violent criminality following his sentencing in the Waltham matter, and given that the his status as a probationer whose whereabout were being monitored did not dissuade him from committing new crimes, a significant sentence is necessary in this case to deter the defendant from ever engaging in such conduct again. It is also necessary to deter others similarly situated from engaging in such conduct.

**The need for the sentence to protect the public from further crimes of the defendant – 18 U.S.C. § 3553(a)(2)(C)**

Given the defendant's failure in the past to refrain from further criminal conduct following convictions for serious violent offenses, and given his willingness to commit crimes even while wearing an ankle bracelet, a significant sentence is needed to protect the public from further crimes of the defendant.

**The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct – 18 U.S.C. § 3553(a)(6)**

Although the recommended sentence is at the high end of the guidelines sentencing range, it is within that range and thus one that would help to avoid unwarranted sentencing disparities. A sentence at the high end of that range is justified given the rapid return to serious violent crime following the Waltham conviction.

## CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court impose a sentence of 151 months in prison three years of supervised release, a $200 special assessment, restitution, and forfeiture as set forth in the indictment.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney

By:

/s/Robert E. Richardson
ROBERT E. RICHARDSON
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

      I, Robert E. Richardson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 16, 2024.

                                          /s/Robert E. Richardson
                                          ROBERT E. RICHARDSON