COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS**                         **SUPERIOR COURT**
                                                                                            **No. 2181CR0429**

COMMONWEALTH OF MASSACHUSETTS

v.

ALFEU BARBOSA

**MEMORANDUM AND ORDER ON COMMONWEALTH'S
MOTION FOR ORDER OF PRETRIAL DETENTION
PURSUANT TO G.L. c. 276, § 58A**

The defendant, Alfeu Barbosa, is charged in this court with armed robbery, assault and battery by means of a dangerous weapon, assault and battery causing serious bodily injury, assault by means of a dangerous weapon, assault and battery (two counts), and intimidation of a witness. At his arraignment on October 20, 2021, the Commonwealth moved for detention pursuant to G. L. c. 276, § 58A ("58A"), after which a hearing on that motion was conducted. For the reasons discussed below, the motion is **ALLOWED**.

## FACTUAL FINDINGS

The evidence introduced at the 58A hearing included: police reports, a recording of a 911 telephone call, photographs, a video allegedly depicting the events giving rise to the indicted charges, a video of an interview the police conducted with the defendant, the defendant's board of probation record and criminal history.[1]

---

[1] The defendant objected to all of the exhibits except for the probation record and criminal history. In particular, with respect to the police interview, the defendant asserts that during the interview the defendant stated that he did not wish to continue and that the police failed to honor that request. For the purposes of the Commonwealth's 58A motion, the court will not consider that portion of the interview to which the defendant objects. In so doing, the court takes no position as to the admissibility of the interview, or any part thereof, at trial.

1



BARBOSA_000001

The following findings of fact are based on the credible evidence presented at the October 20 hearing, and the reasonable inferences to be drawn from that evidence:

At approximately 3:40 PM on July 25, 2021, members of the Waltham Police department responded to 32 South Street in Waltham on the report of a robbery. At that location, the police entered the De Onzen Spa, a massage facility, on the second floor. At the spa, the police spoke to Ms. Qianyi Luo. Ms. Luo told the police that at approximately 3:00 PM a male entered the spa. In the spa, the individual was taken to a nearby room and asked to wait.

The individual then asked to use the bathroom. When the individual came out of the bathroom, he pulled out a knife, and demanded money. The individual chased Ms. Luo around the spa continuing to threaten her with the knife. The individual grabbed Ms. Luo and punched her on the left side of her face, knocking her to the ground, While Ms. Luo was on the floor, he placed his hand on her neck. During the assault, the individual knocked a cell phone out of Ms. Luo's hand and yelled at her, "What do you want to call the police? You want to die?" The manager of the spa provided the police with a video, which confirms much of what Ms. Luo reported.

Ms. Luo was taken by ambulance to Newton Wellesley Hospital, where it was determined that she had suffered an orbital fracture of her left eye. Still photographs from the video were circulated to police departments in the area, and Officer James Walsh and several other officers from the Boston Police identified Ms. Luo's assailant as the defendant. Based on those identifications, the defendant was placed under arrest and taken to the Waltham Police station. On August 18, Ms. Luo came to the police station and identified the defendant as her assailant, from an array of photographs.

BARBOSA_000002

The defendant's criminal record includes convictions for resisting arrest, breaking and entering, and larceny. For each of those convictions, the defendant was sentenced to serve a term of incarceration. The defendant currently has an open case in the Boston Municipal Court at Dorchester, alleging breaking and entry.

## DISCUSSION

The question presented is whether this court is persuaded by clear and convincing evidence that no conditions of release imposed upon the defendant will reasonably assure the safety of a particular person or the community. The court has considered the evidence, the submissions of the parties, and arguments of counsel. In addition, the court has considered the following statutory factors pertinent to a 58A dangerousness determination, and applicable to this case:

a. The nature and seriousness of the danger posed by the defendant's release to any person or to the community;
b. The nature and seriousness of the offense charged;
c. The potential penalty the defendant faces;
d. The defendant's record of convictions; and
e. Whether the defendant is on probation, parole or other release pending completion of a sentence

The defendant is charged with offenses that carry substantial prison sentences. The written reports submitted by the Commonwealth are corroborated, in large part, by video from the spa. The injuries sustained by the victim are serious, and with the use of a knife by the defendant, there was the potential for even greater harm. The defendant is not presently on probation or parole. However, he is on release on a charge of breaking and entering. His

3

BARBOSA_000003

criminal record consists of the convictions referred to above, and he has served sentences of incarceration.

From the evidence presented, this court finds by clear and convincing evidence that the defendant poses a substantial danger to the community. After full consideration of the conditions of release proposed by the defendant, the court also finds, again by clear and convincing evidence, that no conditions of release will reasonably assure the safety of the community, and that pretrial detention is warranted.

### ORDER

Accordingly, the Commonwealth's motion is **ALLOWED**, and the defendant is ordered held without bail pursuant G.L. c. 276, § 58A.

_____
Laurence D. Pierce
Justice of the Superior Court

Dated: October 21, 2021

4

BARBOSA_000004